IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | No.  CV-15-01909-PHX-SPL |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| The Geo Group, Inc., | ) ) | |
| Defendant. | ) ) ) | |

The parties have filed an unopposed Joint Motion to Enter Consent Decree (Doc. 80), along with the proposed Consent Decree (Doc. 80-1). The Court has reviewed the filings and concludes that the Consent Decree is fair, reasonable, and not contrary to law. Accordingly,

**IT IS ORDERED** that Joint Motion for Entry of Consent Decree (Doc. 80) is **granted**. The parties' lodged Consent Decree, as attached hereto, **is adopted** and entered as the final judgment in this case pursuant to Rule 54 of the Federal Rules of Civil Procedure.

Dated this 24th day of August, 2017.

Honorable Steven P. Logan
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No.  CV-15-01909-PHX-SPL |
| Plaintiff, | **CONSENT DECREE** |
| vs. | |
| The Geo Group, Inc., | |
| Defendant. | |

TABLE OF CONTENTS

I.      RECITALS ...................................................................................**4**

II.     JURISDICTION..........................................................................**4**

III.    TERMS AND SCOPE ................................................................**4**

IV.     ISSUES RESOLVED ..................................................................**5**

V.      MONETARY RELIEF ...............................................................**5**

VI.     OTHER INDIVIDUAL RELIEF................................................**6**

VII.    EQUITABLE RELIEF ...............................................................**7**

VIII.   REPORTING PROVISIONS .....................................................**17**

IX.     RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE..........................................................................**19**

X.      EEOC AUTHORITY...................................................................**20**

XI.     COSTS AND ATTORNEY'S FEES...........................................**20**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**XII.    SIGNATURES** ..........................................................................**20**

# I.  RECITALS

1. This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, the GEO Group, Inc., subjected Roberta Jones to sexual harassment and retaliation.

2. Defendant denies all of the allegations.  Nothing in this Consent Decree ("Decree") shall constitute an admission of liability by the Defendant related to this matter.

3. The Parties to this Decree are the Plaintiff EEOC and Defendant The GEO Group, Inc.

4. The Parties, desiring to settle this action by an appropriate Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

5. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6. The Parties agree that this Consent Decree is fair, reasonable, and not contrary to law.

7. For the purpose of resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

8. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.  TERM AND SCOPE

9. **Term:** The duration of this Decree shall be two years from the date of signing by the Court.

10. **Scope:** The terms of this Decree shall apply to The GEO Group Inc.'s Central Arizona Correctional Facility ("CACF"), located in the state of Arizona.

## IV. ISSUES RESOLVED

11. This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a resolution of the Commission's claims arising from unlawful employment practices suffered by the aggrieved individual, Roberta Jones, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), that arise from Charge of Discrimination Numbers 35A-2013-00068 and 35A-2013-00254, filed by Roberta Jones with the Arizona Civil Rights Division ("ACRD").

12. Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

13. Defendant shall pay the amount of sixty thousand dollars ($60,000) to Roberta Jones.  This amount represents back pay in the amount of fifty thousand dollars ($50,000) and ten thousand dollars ($10,000) in interest for Roberta Jones.

14. Defendant will not condition the receipt of individual relief upon Roberta Jones's agreement to: (a) maintain as confidential the facts and/or allegations underlying her charges and complaint and the terms of this Decree; (b) waive her statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement. Defendant shall pay the settlement amount to Roberta Jones by check, cashier's check, or money order in accordance with Paragraph 13 of this Decree.  By January 31, 2018, Defendant shall issue United States Internal Revenue Service Form 1099 for all payments designated as interest and United States Internal Revenue Service Form W-2 for all payments designated as back pay.

15. The payment provided for in Paragraph 13 of this Decree shall be made by

check, cashier's check, or money order and mailed directly by Defendant to Roberta Jones at addresses separately supplied by the Commission within fifteen (15) days after the Court's entry of this Decree.  Within three (3) business days of issuance of the checks, Defendant shall furnish a copy of each check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona, 85012. The payment of the settlement amount to Jones under paragraphs 13-15 of this Decree also satisfies GEO's payment obligation to Jones in connection with National Labor Relations Board Case No. 28-CA-094752.

## VI.  **OTHER INDIVIDUAL RELIEF**

16.     Within thirty (30) days after entry of this Decree, Defendant shall expunge from Roberta Jones's personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to this action.

17.     Within thirty (30) days after entry of this Decree, Defendant will also provide a neutral letter of reference in the form attached as Exhibit A for Roberta Jones and will change her personnel record to reflect that she is eligible for rehire.

18.     Within ten (10) days after entry of this Consent Decree, when contacted for employment references for Roberta Jones, Defendant shall direct any requests for employment references to its 1-800-WORK NUMBER which will provide the following information:

18.1.   Dates of employment; and

18.2.   Last position held.

No other information will be provided to prospective employers that inquire about Roberta Jones's employment history, other than to say that it is Defendant's policy only to provide dates of employment and last position held.

19.     Within ten (10) days after entry of this Consent Decree, Defendant will inform all of its lieutenants, captains, assistant wardens, wardens, and Human Resources personnel at CACF in writing that any and all reference inquiries regarding Roberta

Jones per GEO policy must be directed to GEO's 1-800-WORK NUMBER.

20.    Within fifteen (15) days after entry of this Decree, Defendant shall provide a letter to Roberta Jones on company letterhead in the form attached as Exhibit B.

## VII.  <u>EQUITABLE RELIEF</u>

### A.    *Injunctive Relief*

21.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which discriminates on the basis of gender.

22.    Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission, the ACRD, or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B.    *GEO's Office of Professional Responsibility*

23.    For the duration of this Decree, Defendant shall ensure that all complaints of sexual harassment and/or retaliation at CACF will be investigated by GEO's Office of Professional Responsibility ("OPR"), its designee within the Region, or the Human Resources Representative at the CACF.  No individual who has been disciplined for sexual harassment and/or retaliation is eligible to investigate sexual harassment and/or

retaliation complaints.

**C.**   ***EEO Policy Review***

24.   Within thirty (30) days of the entry of this Decree, the Defendant shall review its existing EEO policies to conform to the law and revise, if necessary. Such policy must be in conformity with the requirements provided in Paragraph 25 within ninety (90) days of the Court's entry of this Consent Decree.

25.   The written EEO policies must include at a minimum:

25.1.   A strong and clear commitment to preventing unlawful gender discrimination and retaliation;

25.2.   A clear and complete definition of disparate treatment based on gender and retaliation;

25.3.   A clear and complete definition of sexual harassment based on gender to include vivid examples of the types of behavior, including but not limited to horseplay, banter, and sexual innuendos, which would not be tolerated under the existing or new EEO policy;

25.4.   An unequivocal statement that no sexually oriented materials or objects shall be brought onto or accessed from Defendant's premises;

25.5.   A clear statement that employees are not to discuss sexual conduct and/or sexual jokes while at work;

25.6.   A statement that discrimination, of any type, based on gender or retaliation is prohibited and will not be tolerated;

25.7.   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

25.8.   The identification of specific individuals and outside agencies such as the ACRD and EEOC, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation and the deadline for reporting to outside

agencies, including:

25.8.1.   The EEOC and ACRD; and

25.8.2.   OPR.

25.9.   Identification of a twenty-four (24) hour Hotline, which Defendant agrees to maintain, where employees will be able to call in to report what they reasonably believe to be discrimination. The hotline moderators will not disclose the name of any reporting employee to GEO management, unless necessary to fully and fairly investigate the allegations being made;

25.10. A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

25.11. An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

25.12. A description of the role of the OPR under this Decree in responding to calls to the Hotline described in Paragraph 25.9, above;

25.13. An assurance that appropriate corrective action (including but not limited to disciplining employees found to have violated these policies) will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

25.14. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

25.15. A promise of maximum feasible confidentiality for persons who

report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation consistent with the NLRA;

25.16. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation; and

25.17. An assurance that Defendant shall not retain documents related to the investigation in any complainant's personnel files. These documents, instead, must be retained in a separate secure location. All disciplinary actions taken against employees for violation of Defendant's Anti-Discrimination Policy will be retained in the violator's personnel file.

26.    Within thirty (30) days after completion of the policy review required under Paragraphs 24 and 25 above, the written EEO policies shall be posted in a prominent location frequented by employees at Defendant's CACF facility in Arizona and distributed to each current employee by email or in hard copy. The written EEO policies shall be distributed to all new employees when hired. Defendant shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

**D.    *Investigations***

27.    For the duration of this Decree, complaints of sexual harassment and retaliation will be accepted in writing, orally, or anonymously, and all complaints will be taken seriously and investigated appropriately.   Defendant shall put in writing all complaints of sexual harassment and/or retaliation that are made orally or anonymously to any of Defendant's supervisors, managers, or Human Resource personnel.   The

written summary of any sexual harassment and/or retaliation complaint shall be sent to OPR.

28.     All parties contacted in the course of an investigation will be advised that any retaliation or reprisal against an individual who is an alleged target of harassment or retaliation, including complainants and witnesses, will not be tolerated and will result in disciplinary action, up to and including termination.

29.     During the course of an investigation, Defendant will take adequate protective measures to protect the complainant and witnesses from sexual harassment, including placing employees who are under investigation for physical sexual harassment or other serious allegation on administrative leave.

30.     Only those who have an immediate need to know may be informed of the identity of the complainant and the specifics of the complaint. All other information regarding complaints will be maintained confidential to the maximum feasible extent consistent with the NLRA.

30.1.  When witnesses and/or complainants are called in for interviews pursuant to investigations of complaints of sexual harassment or retaliation, Defendant will ensure that no staff members are informed of the purpose of the interview.

30.2.  Such interviews will be conducted in private locations.

31.     During an investigation of a sexual harassment complaint of an employee or other individual, OPR, its designee ("OPR representative"), or the Human Resources Representative at the CACF will have the responsibility for expeditiously and appropriately investigating all complaints in compliance with Defendant's policies and this Decree.

31.1.  Upon receiving a complaint, the Investigative Officers shall endeavor to immediately interview in person all affected individuals and potential witnesses to the alleged harassment discreetly and without the presence of other management officials.

31.2. Prior to beginning any interview conducted during an investigation of a complaint of sexual harassment and/or retaliation, the investigator shall:

    31.2.1. Inform the witness of the purpose of the questioning;

    31.2.2. If the witness is not the alleged harasser, assure the witness that no reprisal will take place based on his / her participation in the investigation; and

    31.2.3. If the witness is not the alleged harasser, ensure that no threat of disciplinary action for participation in the investigation has occurred.

    31.2.4. During an interview conducted during an investigation of a complaint of sexual harassment and/or retaliation, the investigator will conduct the interview in a manner that a reasonable person would not view as coercive.

31.3. The investigator will conduct a thorough investigation of each and every allegation or complaint of sexual harassment and/or retaliation. At a minimum, investigations of complaints of sexual harassment shall include the following:

    31.3.1. Documentation of all oral and/or written complaints;

    31.3.2. Interviews of all potential victims and witnesses identified, including any and all individual(s) alleged to have participated in or condoned the unlawful conduct;

    31.3.3. Review of all documents which might shed light on the allegations of the complaint;

    31.3.4. Credibility assessment, where appropriate;

    31.3.5. Detailed contemporaneous notes of the investigation and conclusions, as well as all corrective and remedial measures (where discrimination is found to have occurred); and

31.3.6.   Finding of whether a violation of the company's EEO policy or anti-retaliation policy occurred.

31.4.   GEO's Human Resources Department may recommend to CACF remedial measures, if appropriate, based upon the results of the investigation, and Defendant will promptly consider that recommendation in determining any disciplinary action.

31.5.   OPR will maintain a file on the original complaint(s) and any follow-up investigation.  OPR will also forward one complete copy to the Human Resources Department and Warden at CACF, unless the Warden is the subject of the investigation in which case it will forward a copy to the Region.

32.   Defendant shall inform the complainant and the alleged harassing official of the outcome of the investigation.

33.   Defendant will take steps to scrutinize the employment decisions affecting the complainant and witnesses during and after the investigation to ensure that such decisions are not based on retaliatory motives.

**E.    *Training***

34.   At least annually, Defendant shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged sex and gender discrimination; (b) understanding the kind of conduct which may constitute unlawful sex and gender discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendant's non-retaliation policy and sex/gender harassment policies. Defendant shall record all live trainings under this Paragraph and, if requested to do so in writing, will send copies to the EEOC. The training will be conducted as follows:

34.1.   **Non-managerial Employees:**    Defendant will provide its non-managerial employees at CACF with training regarding gender

discrimination, including sexual harassment and retaliation.  These trainings should last at least one (1) hour and may be live, video-recorded, or computer-based training sessions.

34.2.   **Managerial and Supervisory Employees**: Defendant will require all individuals who work in a managerial or supervisory capacity at CACF, including all sergeants, lieutenants, assistant wardens, and wardens who have hiring authority (as well as any employee who is temporarily acting in the capacity of any of these positions), to receive at least two (2) hours of live, video-recorded, or computer-based training annually regarding Title VII. One (1) of the two (2) hours must directly address gender-related discrimination, to include harassment and sexual harassment, and one (1) of the two (2) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees must (a) be particularly vigilant not to discriminate, whether consciously or due to their reliance upon subconscious stereotypes; (b) be sensitive of how their actions or words might be perceived by subordinate employees; and (c) avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite one (1) hour of complaint-handling training within sixty (60) days of being hired or promoted. This training can be conducted in live, video-recorded, or computer-based training sessions.

34.3.   **Human   Resource   Employees:** Defendant   will   require   all

individuals at CACF who work in a human resource capacity who have not previously received this training within the last year to receive at least eight (8) hours of training regarding Title VII and other federal anti-discrimination laws. Six (6) of the eight (8) hours must directly address gender-related discrimination, to include harassment and sexual harassment, and at least two (2) hours of the eight (8) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as ensuring uniform and appropriate disciplinary consequences where discrimination is found. Defendant will require employees who are newly hired or promoted into a human resource position to complete this training within sixty (60) days of being hired or promoted into a human resource position. The training under this Paragraph must be provided by an appropriate third party approved by the EEOC. Human resources employees who have received this training within the last year will receive annual training that mirrors the Managerial and Supervisory Training set forth in Paragraph 34.2, which could be online or video-recorded training and need not be live training.

35. **Training on Investigative Techniques Regarding Sexual Harassment and/or Retaliation:** All employees with responsibility for responding to or investigating complaints of discrimination at CACF shall be provided two (2) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of sexual harassment and/or retaliation at CACF, including such matters as witness interview techniques, conducting discreet and non-coercive

interviews, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and the procedures described under this Decree. The training under this Paragraph must be provided by an appropriate third party approved by the EEOC. Defendant agrees that the first such training session for each employee group identified in Paragraph 34 above, will take place within one hundred twenty (120) days after the Defendant's EEO Policy is in conformity with the requirements provided in this Decree.  Defendant agrees that all of its personnel shall both register and attend the training sessions. Defendant further agrees that it will monitor training attendance to ensure that any make-up sessions.

**F.     *Notice Posting***

36.     Within five (5) business days after the Court's entry of this Decree, Defendant shall post at its CACF facility, in a conspicuous place frequented by employees, the Notice attached as Exhibit C to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit C. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, and include photographs of each notice as posted in the conspicuous location(s) in Defendant's CACF facility, within twenty (20) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**G.     *Individuals Ineligible for Hire, Rehire, Retention, or Transfer***

37.     Defendant agrees that it shall never rehire Luis Beltran, Michael Connor, Rueben Molina, Jeffrey Perry, Matthew Rice, Matthew Scott, Jesse Sanchez, Gregory Souza, Robert Velasquez, or Jarrett Yoyokie at any time at any of Defendant's facilities in the United States. To assure that these individuals are never rehired by Defendant, Defendant will place a document on the top of the employee's personnel file that reads in bold, "Not Eligible for Rehire at any facility in the United States." If Defendant maintains any computerized personnel file for the individual, such computerized file

must also be annotated to reflect ineligible for rehire.

**H.     *EEO Compliance as a Component of Management Evaluation***

38.     Defendant shall, within sixty (60) days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, develop and implement a management evaluation system at CACF which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree.

## VIII.  <u>REPORTING PROVISIONS</u>

39.     Defendant shall report in writing and in affidavit form on a quarterly basis for each six (6) month period following the Court's entry of this Decree to the following entities:

39.1.   Regional Attorney, Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Phoenix, Arizona 85012.

This report shall be due thirty (30) days following the respective six-month period, except the final report, which shall be submitted to the Commission two (2) weeks prior to the date on which the Consent Decree is to expire.

40.   **Reporting Requirements:** Each report shall provide the following information:

40.1.   **Reports of Discrimination at CACF**

40.1.1.   For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint which alleges sexual harassment and/or retaliation.  For example, if a female employee reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

40.1.2.   The report will include:

    a.   The name of each person making a complaint of sexual harassment and/or retaliation to Defendant or to any federal, state, or local government agency;

    b.   The name, address, email address, and telephone number of each person making a complaint shall be provided to the EEOC upon request; and

    c.   A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

40.2.   **Training**

40.2.1.   For each training program required under Paragraph 34 and conducted during the reporting period, Defendant shall submit a registry of attendance and a certificate of completion.

40.2.2.   For each training program conducted by Defendant's staff under this Decree, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer; and (d) a summary of trainer's qualifications and/or the trainings the staff member attended.

40.2.3.   For each training program conducted, Defendant will provide a copy of the program agenda and a videotape of the trainings.

40.3.   **Posting of Notice at CACF**: Defendant shall recertify to the

Commission that the Notices required to be posted under this Decree have remained posted during the reporting period, or, if removed, were promptly replaced.

40.4. **Policy Review**: Defendant shall report on the status of the EEO policy review process required under this Decree.

40.5. **Ineligible for Rehire**: Defendant shall report that it has complied with the Decree and designated Luis Beltran, Michael Connor, Rueben Molina, Jeffrey Perry, Matthew Rice, Matthew Scott, Jesse Sanchez, Gregory Souza, Robert Velasquez, and Jarrett Yoyokie as ineligible for rehire under this Decree.

40.6. **Component of Management Evaluation**: Defendant shall report its compliance with the management evaluation system required under this Decree.

## IX. <u>RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE</u>

41.     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

42.     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission or its successors or assigns, may enforce compliance herewith.

43.     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

44.     Absent extension, this Decree shall expire by its own terms at the end of the second year from the date of the Court's entry of this Consent Decree without further action by the Parties.

## X.  EEOC AUTHORITY

45.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

46.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XIII.  SIGNATURES

47.     The parties agree to the entry of this Decree subject to final approval by the Court.

1

## **EXHIBIT A**

2

3    [The GEO Group, Inc. Letterhead]

4

5    To Whom It May Concern:

6

7            This letter will serve to confirm Ms. Roberta Jones's employment with The GEO

8    Group, Inc., from 2007 to 2013.  During this time, Ms. Jones held the positions of food

9    service worker and corrections officer.  Ms. Jones is eligible for rehire.

10

11                                                        Sincerely,

12

13                                                        _____

14                                                        Warden Bennie Rollins
                                                         Central  Arizona  Corrections  Facility,
15                                                        The GEO Group

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

[Letterhead]

Dear Ms. Jones:

While this letter is in no way an admission of any legal violation under Title VII or state law, we regret, on behalf of The GEO Group, Inc., and our management staff, any offensive or objectionable language or conduct you believe you experienced during your employment with us.   Please accept our commitment that the Company will continue to take whatever steps are necessary to ensure that current and future employees work in an environment free of gender and sexual harassment.

Sincerely,

_____
Warden Bennie Rollins
Central Arizona Corrections Facility,
The GEO Group

**EXHIBIT C**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. The GEO Group Inc.</u> filed in the United States District Court for the District of Arizona, Civil Action No. CV15-1909-PHX-SPL.

Management of the GEO Group Inc. will provide equal employment opportunity in all of its operations and in all areas of employment practices. The GEO Group Inc. will not discriminate against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the gender of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. Employees in Arizona may also call the Arizona Civil Rights Division ("ACRD") at 602-542-5263. In compliance with federal and Arizona state law, no official at the GEO Group Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or the ACRD.

It is against the law for any action to be taken against you by any officer, supervisory or management official of The GEO Group, Inc., for : (1) opposing sexual or gender harassment or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII or the Arizona Civil Rights Act, including internal investigations into sexual or gender harassment and/or retaliation. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or ACRD at the address and/or telephone numbers listed below.

**Equal Employment Opportunity**
**Commission**
3300 North Central Avenue
Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5000
TTY: (602) 640-5072
Website (national): www.eeoc.gov

**Arizona Civil Rights Division**
Arizona Attorney General's Office
1275 West Washington Street
Phoenix, Arizona 85007
Telephone: (602) 542-5263
TDD: (602) 542-5002

         This Notice shall remain posted for the term of two (2) years.

The GEO Group, Inc.

By:_____   _____

- 24 -